IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| Plaintiff, | § § § | |
| v. | § | 1:17-CV-821-RP |
| ZHEJIANG ZHUOSHENG INDUSTRY & TRADE CO., LTD., d/b/a/ WUYI ZHUOSHENG HOUSEHOLD METAL PRODUCTS CO., LTD., d/b/a ZHEJIANG ZHUOSHENG CO., LTD., | § § § § § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff YETI Coolers, LLC's ("YETI") Motion for Default Judgment. (Mot., Dkt. 17). Having considered the motion, the record, and applicable law, the Court finds that the motion should be granted.

### I. BACKGROUND

YETI alleges the following facts in its complaint. (Compl., Dkt. 1). YETI has for several years sold its 20 oz. and 30 oz. Rambler™ Tumblers (collectively, "Rambler Drinkware") throughout the United States. (*Id.* ¶ 8). YETI claims trade dress rights in the "overall look, design, and appearance" of its Rambler Drinkware and alleges that it has become famous and acquired substantial goodwill and secondary meaning in the marketplace. (*Id.* ¶¶ 11, 13–14). Defendant Zhejiang Zhuosheng Industry & Trade Co., Ltd. ("Zhuosheng") is a Chinese company that sells drinkware that YETI claims infringes its trade dress rights in its Rambler Drinkware. (*Id.* ¶ 15). YETI therefore brings this action against Zhousheng for trade dress dilution, trade dress infringement, unfair competition and false designation of origin, misappropriation, and unjust enrichment under state and federal law. (*Id.* 11–22).

1

YETI filed its complaint on August 23, 2017. YETI alleges that it attempted to serve Zhuosheng for several months, and on August 3, 2018, moved to serve Zhuosheng by alternative means. (Dkt. 8, at 2–3). The Court granted YETI's motion on September 28, permitting YETI to serve Zhuosheng by email. (Dkt. 9). Zhuosheng was so served October 8, 2018. (Dkt. 10). Subsequently, on November 20, the Chinese Ministry of Justice informed YETI that Zhuosheng had been served pursuant to the Hague Convention on February 7, 2018. (Jungels Decl., Dkt. 17-1, ¶ 4). Zhuoshong was thus served twice; its answer based on the Hague Convention service was due on April 9, 2018, and its answer based on the email service was due on October 29, 2018. *See* Fed. R. Civ. P. 6 & 12(a)(1)(A). Zhuosheng never submitted an answer.

On December 19, 2018, YETI moved the Court for an entry of default against Zhuosheng. (Dkt. 15). The Clerk entered default against Zhuosheng the next day, (Dkt. 16), and the instant motion for default judgment followed on January 10, 2018, (Mot., Dkt. 17). As of this date, Zhuosheng has not appeared in this litigation.

## II. DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering YETI's motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether YETI's complaint sets forth facts sufficient to establish that it is

entitled to relief, and (3) what form of relief, if any, YETI should receive. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015).

### A. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Every *Lindsey* factor weighs in favor of entering a default judgment against Zhuosheng. Because Zhuosheng has failed to file a responsive pleading, there are no material facts in dispute. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Zhuosheng's failure to appear and respond to YETI's complaint has halted the adversary process and prejudiced YETI's interest in pursuing its claims for relief. *J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (citation and quotation marks omitted). The grounds for default are established: YETI was twice properly served but has still not appeared or participated in this litigation. There is also no evidence before the Court that Zhuosheng's default was caused by a good faith mistake or excusable neglect, and the harshness of a default judgment in this case is mitigated by Zhuosheng's failure to respond to YETI's complaint or otherwise appear in the last 22 months. *Id.*; *Epic Tech, LLC v. Lara*, 2017 U.S. Dist. LEXIS 196705, at * 12 (S.D. Tex. Nov. 29, 2017). Finally, the Court is not aware of any

facts that would obligate it to set aside the default if challenged by Zhuosheng. The Court therefore finds that default judgment is procedurally warranted.

**B. Sufficiency of YETI's Complaint**

Default judgment is proper only if the well-pleaded factual allegations in YETI's complaint establish a valid cause of action. *Nishimatsu*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* To determine whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

YETI's allegations are enough to raise its right to relief above the speculative level. YETI alleges that it owns trade dress rights in the design of its Rambler Drinkware, that this trade dress has become famous and acquired secondary meaning in the marketplace, and that Zhuosheng manufactures and sells confusingly similar imitations of YETI's Rambler Drinkware. (Compl., Dkt. 1, ¶¶ 7–18). YETI further alleges that Zhuosheng's actions with respect to the Rambler Drinkware constitute trade dress dilution, trade dress infringement, unfair competition and false designation of origin, misappropriation, and unjust enrichment. (*Id.* ¶¶ 21–70). Finally, YETI has included photographs indicating that Zhuosheng has directly copied YETI's trade dress and alleges that

4

Zhuosheng's actions are therefore intentional, willful, and in bad faith. (*Id.* ¶¶ 12, 16, 18). The Court finds these allegations sufficient to show that default judgment is substantively warranted.

## C. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

In its motion, YETI seeks the following relief: (1) a declaration that Zhuosheng is liable for the conduct alleged; (2) a permanent injunction preventing further infringement and dilution of YETI's trade dress; (3) an award of Zhuosheng's profits and YETI's actual damages; (4) an award of attorneys' fees and costs; and (5) an order directing the destruction of all infringing products and means of making said products in Zhuosheng's possession and control. (Mot., Dkt. 17, at 14–15). None of the requested relief differs in kind from or exceeds the relief requested in YETI's complaint. (*See* Compl., Dkt. 1, at 22–24).

With respect to YETI's first request for relief, for the reasons already discussed, the Court finds that Zhuosheng, by virtue of its default, is liable to YETI for trade dress dilution, trade dress infringement, unfair competition and false designation of origin, misappropriation, and unjust enrichment under state and federal law. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (a defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability). The Court will now assess whether YETI is entitled to the remaining relief requested.

### 1. Injunctive Relief

YETI seeks a permanent injunction enjoining Zhuosheng from further infringing its trade dress. (Mot. Default J., Dkt. 17, at 8). A permanent injunction is appropriate if YETI can prove "(1)

5

actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury to the plaintiff outweighs any damage to the defendant; and (4) that the injunction will not disserve the public interest." *US Green Bldg. Council*, U.S. Dist. LEXIS 89457, at *11 (citing *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 561 (N.D. Tex. 1997), *aff'd*, 168 F.3d 486 (5th Cir. 1999)).

Courts in the Fifth Circuit "have acknowledged that default against a defendant is tantamount to actual success on the merits and that a permanent injunction may be issued as part of a default judgment." *U.S. Green Bldg. Council,* 2016 U.S. LEXIS 89457, at *11; *see also T-Mobile United States, Inc. v. Shazia & Noushad Corp.*, 2009 U.S. Dist. LEXIS 59014, at *9 (N.D. Tex. July 10, 2009); *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 784-85 (E.D. Tex. 2006). Accordingly, YETI has satisfied the first prong for injunctive relief. The second prong is also satisfied: YETI "has no other adequate remedy at law because monetary damages will not prevent future infringing activity by [Zhuosheng]." *Id.*; *see also Coach, Inc. v. Trendy Tex., LLC*, 2017 U.S. Dist. LEXIS 171103, at *14-15 (S.D. Tex. Oct. 17, 2017). As for the third prong, requiring Zhuosheng to comply with the law imposes an insignificant harm outweighed by the harm to YETI's business in the absence of injunctive relief. *See US Green Bldg. Council*, 2016 U.S. Dist. LEXIS 89457, at *12; *MetroPCS*, 2017 U.S. Dist. LEXIS 91447, at *22. Finally, the fourth prong is satisfied because it is in the public interest to promote adherence to the intellectual property laws. *Amicus Comms., L.P. v. Hewlett-Packard Co., Inc.*, No. 98-1176, 1999 WL 495921, at *20 (W.D. Tex. June 11, 1999).

Accordingly, a permanent injunction is an appropriate remedy in this case upon entry of a default judgment.

## 2. Damages

YETI also requests an award of Zhuosheng's profits from its dilution and infringement of YETI's trade dress, and YETI's actual damages from the infringement and dilution of the trade

6

dress, in an amount to be determined upon YETI's enforcement of this judgment and enhanced because Zhuosheng's actions have been willful. (Dkt. 17, at 14).

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *Shipco*, 814 F.2d at 1014. Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Because the Court has found Zhuosheng liable for the conduct alleged and determined that Zhuosheng has acted willfully, the Court concludes that YETI is entitled to damages under the Lanham Act and the relevant Texas statutes. *See YETI Coolers, LLC v. Kuer Outdoors, LLC*, No. A-16-CV-631-RP, 2017 WL 8896871, at *3 (W.D. Tex. May 11, 2017), *report and recommendation adopted*, No. 1:16-CV-631-RP, 2017 WL 8939955 (W.D. Tex. July 10, 2017); 15 U.S.C. § 1117; 35 U.S.C. § 284; Tex. Bus. & Com. Code §§ 16.103, 16.104. The Court will retain jurisdiction over this action in order to calculate damages at a later time when YETI is able to submit evidence of the amount of damages owed.

### 3. Fees and Costs

YETI further seeks attorneys' fees and costs under 15 U.S.C. § 1117(a) and Rule 54(d) of the Federal Rules of Civil Procedure. (Mot., Dkt. 17, at 20). Attorney's fees are available under 15 U.S.C. § 1117 only in "exceptional cases." 15 U.S.C. § 1117(a). The Fifth Circuit has stated that such "exceptional cases" are ones "in which the defendant's trademark infringement can be characterized as malicious, fraudulent, deliberate, or willful." *T-Mobile*, 2009 U.S. Dist. LEXIS 59014, at *11 (citing *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir. 1992)).

The Court has found that Zhuosheng's infringement of YETI's trade dress was willful. YETI may therefore seek an award of attorneys' fees and costs, upon providing the appropriate documentation, pursuant to Local Rule CV-7(j).

7

### 4. Destruction of Infringing Goods and Means of Producing Them

Finally, YETI requests an order directing the destruction of all infringing products and means of making said products in Zhuosheng's possession and control. (Mot., Dkt. 17, at 15). Because the Court has found Zuosheng liable for willfully infringing and diluting YETI's trade dress, this requested relief is proper. *See* 15 U.S.C. § 1118.

### III. CONCLUSION

For the reasons given above, the Court **GRANTS** YETI's Motion for Default Judgment (Dkt. 17). The Court will enter final judgment in a separate order.

**SIGNED** on June 21, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE